IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA T. SHUMYE, | No. C-06-3322 MMC |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| SAMUEL D. FELLEKE, | |
| Defendant | |

On August 19, 2008, plaintiff failed to appear at the Pretrial Conference, in violation of the Court's May 19, 2008 Pretrial Preparation Order. Earlier, on June 17, 2008, plaintiff failed to appear at her noticed deposition. Further, on July 24, 2008, plaintiff failed to appear at her subsequently re-scheduled deposition and to provide documents regarding her income for the years 2003, 2006, and 2007, in violation of Magistrate Judge Elizabeth D. Laporte's order of July 3, 2008.

Thereafter, on August 20, 2008, the Court ordered plaintiff to show cause, no later than August 29, 2008, why, in light of the above-referenced failures to comply with court orders and failures to appear at noticed proceedings, the instant action should not be dismissed with prejudice. Plaintiff failed to file a timely response to the Court's August 20,

2008 order.[1] Thereafter, on September 4, 2008, plaintiff filed a two-page document titled "Request of the Court to Make a Decision on Plaintiff's Opposition of the Order of August 20, 2008." In the second page of said document, plaintiff included her response to the Court's August 20, 2008 order and requested therein that the Court conduct a hearing to determine whether the matter should be dismissed. On September 8, 2008, defendant filed a reply to plaintiff's response, in which defendant requested that plaintiff's complaint be dismissed with prejudice as a sanction for plaintiff's failure to appear at her deposition and failure to comply with court orders. By order filed September 11, 2008, the Court scheduled a September 30, 2008 hearing on plaintiff's response to the order to show cause, which hearing was thereafter continued to October 6, 2008 by order filed September 16, 2008. On September 17, 2008, plaintiff filed a further response to the August 20, 2008 order to show cause.

On October 6, 2008, the Court conducted a hearing. Plaintiff, proceeding pro se, and defendant, through counsel Tesfaye W. Tsadik, appeared. Both plaintiff and defendant's counsel testified. Having considered the papers filed by the parties, the testimony of the parties and oral argument made on October 6, 2008, the Court rules as follows.

**A. Plaintiffs' Failures to Provide Discovery and to Comply With Court Orders**

As noted, plaintiff failed to appear at her noticed deposition, failed to appear at the subsequently re-noticed deposition, and failed to appear at the Pretrial Conference. For the reasons stated below, the Court finds, as to each of the above-referenced failures, plaintiff made a willful decision not to appear.

---

[1] On August 25, 2008, plaintiff filed the following three documents: (1) "Plaintiff's Proposed Findings of Fact and Conclusion of Law," in which document plaintiff identifies issues pertinent to the merits of her claims; (2) "Plaintiff Rebecca Shumye Declaration," in which document plaintiff addresses the merits of her claims; and (3) "Opposition to Defendant Samuel D. Felleke's Motion in Limine to Exclude Plaintiff's Testimony or Introduction of Any Evidence That Her Income for Year of 2007 Was Below the Poverty Guide Line," in which plaintiff opposes a motion in limine that had been scheduled to be heard at the Pretrial Conference. None of these filings addresses the Court's order of August 20, 2008; rather, they are, in each instance, documents plaintiff should have filed before the Pretrial Conference.

2

**1. Failure to Appear at June 17, 2008 Deposition**

It is undisputed plaintiff received notice that her deposition would be taken on June 17, 2008 at 10:00 a.m. in the office of defendant's counsel, that plaintiff appeared at approximately 9:15 a.m. on June 17, 2008, that plaintiff was informed by defendant's counsel the deposition would begin at 10:00 a.m., that plaintiff requested to use and was allowed to use the restroom in the office, and that plaintiff was invited to wait in the reception area of the office until 10:00 a.m. What occurred thereafter is in dispute.

At the October 6, 2008 hearing, plaintiff testified that she decided to wait in her car rather than the office and that, as she waited in her car, she received, before 10:00 a.m., a telephone call from defendant's counsel, who told plaintiff he had spoken to defendant and they had decided there was no need for a deposition and had cancelled the deposition. Plaintiff testified she then left. Plaintiff denied receiving any other message from defendant's counsel or from anyone else in counsel's office. Plaintiff further stated that, a few days later, she called defendant's counsel, who told plaintiff he had changed his mind and now wanted to proceed with a deposition.

According to defendant's counsel, he invited plaintiff to wait in the reception area and he returned to his office to work. Counsel also testified that when plaintiff did not return at 10:00 a.m., he instructed an attorney in his office to telephone plaintiff and leave a message reminding her of the deposition. Because the court reporter who had been scheduled for the deposition had appeared at 10:00 a.m., counsel was required to, and did, pay for the reporter's services. Counsel further testified that the following day he left plaintiff a message advising her that he would have to file a motion to compel if plaintiff would not appear at a deposition; plaintiff never replied, thereby necessitating the subsequent filing of a motion to compel.

The Court finds the testimony offered by defendant's counsel is credible, whereas plaintiff's testimony is not.

First, the testimony plaintiff offered at the October 6, 2008 hearing is inconsistent with an earlier statement by plaintiff, made under penalty of perjury, which plaintiff had

3

offered to explain her failure to appear at the June 17, 2008 deposition. Specifically, plaintiff declared in said filing that when she arrived at defendant's counsel office on June 17, 2008, counsel told plaintiff that "he [had] talked with Defendant and cancelled the deposition on June 17, 2008 <u>right before [plaintiff's] appearance in his office</u>." (See Shumye Decl., filed July 3, 2008, at ¶¶ 2-4 (emphasis added).) As set forth above, plaintiff, at the October 6, 2008 hearing, testified that when she appeared at defendant's counsel's office, she was advised by counsel the deposition would begin at 10:00 a.m., and she was invited to wait in the reception area until such time, after using the restroom in the office. Under this latter version, defendant's counsel assertedly did not speak to defendant, and did not reach a decision to cancel the deposition, until a considerable amount of time had passed <u>after</u> plaintiff's appearance in the office.

Moreover, even if the differences in plaintiff's versions could be reconciled, the Court's acceptance of either such version is dependent on a finding that defendant's counsel made a sequence of illogical decisions under the circumstances then pertaining. Specifically, counsel was aware that at the trial of the case, plaintiff would be presenting her claim that defendant owed plaintiff, <u>inter</u> <u>alia</u>, financial support for the year 2007, under the theory that plaintiff's income for the year 2007 was allegedly less than 125 percent of the federal poverty line. The only procedure by which defendant had any realistic chance of learning the factual basis of plaintiff's claim for the year 2007 was to take plaintiff's deposition and to obtain from plaintiff at such time both her testimony in that regard and any documents in her possession relevant thereto.[2] The discovery cut-off at that time was June 27, 2008. Under such circumstances, it is not plausible that counsel would first schedule such deposition and then, once plaintiff appeared, decide to forego the opportunity, incur the costs associated with the reporter's attendance, and then seek the court's assistance in requiring plaintiff to appear on a later date.

---

[2]Indeed, counsel had taken plaintiff's deposition with respect to any claims based on the years 2000 through 2006. That deposition was taken in January 2007. Needless to say, defendant had no opportunity at that earlier time to learn the basis for plaintiff's claim to the extent it is based on non-payment in the year 2007, which had just begun.

4

Case 3:06-cv-03322-MMC   Document 212   Filed 10/21/08   Page 5 of 13

Accordingly, the Court finds plaintiff made a unilateral decision not be deposed on June 17, 2008.

**2. Failure to Appear at July 24, 2008 Deposition**

On July 1, 2008, Magistrate Judge Laporte conducted a hearing on defendant's motion to compel plaintiff to appear for deposition and to provide documents in connection therewith; by order filed July 3, 2008, the motion was granted.  Specifically, Magistrate Judge Laporte ordered plaintiff to appear for her deposition on July 24, 2008 at 10:00 a.m. in defendant's counsel's office and at such time to provide documents regarding plaintiff's income for the years 2003, 2006, and 2007, as well as her tax returns for said years.

It is undisputed that plaintiff did not attend the July 24, 2008 deposition.  At the October 6, 2008 hearing, plaintiff admitted that she had received actual notice of Magistrate Judge Laporte's order and that she decided not to attend.  According to plaintiff, she did not attend the court-ordered deposition for two reasons.

First, plaintiff testified that defendant's counsel had advised her on June 17, 2008 that he did not wish to depose her, and, consequently, plaintiff was of the view she could ignore Magistrate Judge Laporte's order.  As stated above, however, the Court finds defendant's counsel did not so advise plaintiff, and, in any event, such explanation is not an adequate excuse for a failure to comply with a court order.

Second, plaintiff testified she had not received notice of the motion to compel until after Judge Laporte had conducted the hearing thereon, which, according to plaintiff, constitutes an additional justification for her decision not to attend the deposition ordered at such hearing.  The docket indicates, however, that plaintiff received notice of the motion by e-mail on June 20, 2008, (see Docket # 177-79), and that on June 24, 2008, she received, by email, notice of Judge Laporte's June 24, 2008 order scheduling the date and time of the hearing, (see Docket # 181).  Plaintiff admitted at the October 6, 2008 hearing that the e-mail account to which such notices were sent is one of two active email accounts she maintains.  Further, the motion was mailed to plaintiff's address of record, specifically, P.O. Box 10832, Oakland, California, 94610, on June 20, 2008, and the order scheduling the

5

hearing thereon was mailed to the same address on June 24, 2008.  At the October 6, 2008 hearing, plaintiff testified that she usually checks that post office box every day, or, at a minimum, every second or third day; plaintiff did not testify that she deviated from her ususal practice during the time period encompassing either the mailing of defendant's motion or the mailing of the Court's order scheduling the hearing thereon.

Under such circumstances, the Court finds plaintiff's testimony denying she received said documents until after the July 3, 2008 hearing is not credible.  Moreover, even if plaintiff had an excuse for her failure to check both her email and her post office box, as well as her failure to check the Court's docket – and none has been offered or even implied – plaintiff, upon receiving the order granting the motion to compel, took no steps to seek reconsideration of Magistrate Judge Laporte's order and, instead, chose to ignore it.

### 3. Failure to Appear at August 19 Pretrial Conference

At the May 16, 2008 Case Management Conference, the Court scheduled, and plaintiff was directed to appear at, a Pretrial Conference to be held on August 19, 2008.  Thereafter, as noted, plaintiff was ordered, by written order filed May 19, 2008, to appear at the August 19, 2008 Pretrial Conference.  Subsequently, by order filed July 11, 2008, plaintiff was reminded of her obligation to attend the August 19, 2008 Pretrial Conference.  Nonetheless, plaintiff failed to appear on August 19, 2008.

In her first written response to the Court's order to show cause, plaintiff declared under penalty of perjury that "after she left for Hayward, her car was broken," that she "[had] no money left to either fix it or come to the Court," and that she also "was left with no money to even call the Court."  (See Pl.'s Req., filed September 4, 2008, at 2.)  In her second written response to the Court's order to show cause, plaintiff declared under penalty of perjury:  "It is true that my car was broken in Hayward because of lack of money and delay of my student loan disbursement.  I couldn't be able to show up in court or call the court on that particular court date for the same reason."  (See Pl.'s Decl., filed September 17, 2008, ¶ 3.)

//

At the October 6, 2008 hearing, plaintiff testified that she has been living in her car for the past year, and that she normally sleeps in her car, which she parks across the street from a police station in the city of Emeryville. Plaintiff further testified that one evening, on an unspecified date before August 19, 2008, she was sleeping in her car, and, although she had placed her cash and her cell phone underneath her, someone broke into her car and took her cash and cell phone without her knowledge. According to plaintiff, after said incident, but still prior to August 19, 2008, while she was driving from Emeryville to Hayward, where she attends classes at California State University ("Cal State"), her car ran out of gas; she lacked funds to purchase gas and, consequently, she took a free shuttle to Cal State, whereupon she applied for an emergency loan, but did not receive those funds until two or three days after August 19. Because, plaintiff asserted, she had not received her emergency loan funds by August 19, the date of the Pretrial Conference, plaintiff was unable to travel to San Francisco to attend such proceeding nor could she contact the court to indicate she was unable to attend. Plaintiff further testified that, on another unspecified date, she was notified by an employee of the Ninth Circuit Court of Appeals that her cell phone had been found at the Ninth Circuit courthouse in San Francisco, and, on a date after August 19, that she traveled to San Francisco and retrieved her phone. Although plaintiff testified she had on at least one prior occasion gone to the Ninth Circuit courthouse in order to file documents, she denied leaving her cell phone at such location; rather, according to plaintiff, the individual who stole her cell phone must have left it there.

The Court finds much of plaintiff's account lacks credibility. Aside from the improbability of some unknown person's managing to break into plaintiff's vehicle and, unbeknownst to plaintiff, reach under her to take her funds and cell phone, and then take that phone to the Ninth Circuit Court of Appeals, plaintiff has offered inconsistent testimony as to the condition of her car on August 19, 2008. In both of her written submissions in response to the Court's order to show cause, plaintiff stated under penalty of perjury that en route from Emeryville to Cal State her car became "broken," thus suggesting an

7

unforeseeable mechanical defect; at the October 6, 2008 hearing, however, plaintiff testified she had run out of gas.[3]

Additionally, plaintiff's assertion that she was unable to contact the Court on August 19, 2008 due to a lack of funds is contradicted by other evidence in the record. Specifically, even if the Court were to accept plaintiff's testimony that she literally lacked the funds necessary to make use of a pay phone, the record reflects that plaintiff had the use of at least one of her email accounts during the morning of August 19, 2008, as shown by plaintiff's having sent an email to a Cal State employee at 9:54 a.m. on that date, (see Pl.'s Resp., filed September 17, 2008, Ex. A), and that plaintiff knew how to contact the district court by email, (see, e.g., Letter, filed April 11, 2008, attachments thereto); at a minimum, plaintiff could have notified defendant's counsel, with whom, according to her testimony, she has had occasion to communicate by email.

Accordingly, the Court finds plaintiff, for whatever personal reasons, chose not to attend the Pretrial Conference and chose not to notify the Court or defendant's counsel of such decision.

**4. Willfulness**

Plaintiff's testimony and filings offered in connection with the October 6, 2008 hearing are indicative of a pattern, whereby plaintiff has attempted to pursue her claims under her own rules and on her own schedule, rather than in accordance with the Court's rulings and schedule. In that regard, plaintiff (1) failed to appear at her properly-noticed June 17, 2008 deposition, or, more specifically, left shortly before the deposition was scheduled to begin, thereby forcing defendant to unnecessarily incur fees and costs, (2) failed to comply with Magistrate Judge Laporte's order that plaintiff appear for a deposition on July 24, 2008, thereby again forcing defendant to incur unnecessary fees and costs, (3) failed to comply with Magistrate Judge Laporte's order that plaintiff produce

---

[3]Plaintiff never succeeded in explaining why, given her asserted shortage of funds, she chose to commute regularly from Emeryville to Cal State, a round-trip distance of approximately 40 miles.

certain specified discovery on July 24, 2008, and has failed to provide such discovery at any later time, (4) failed to appear at the August 19, 2008 Pretrial Conference, thus, yet again, forcing defendant to incur fees and costs to no productive end, (5) failed to file any proposed findings of fact and conclusions of law and any response to defendant's motion in limine before the scheduled Pretrial Conference, and, instead, without explanation, waited until several days after the scheduled Pretrial Conference to file such documents, and (6) failed to file a timely response to the Court's August 20, 2008 Order to Show Cause, and instead submitted an untimely filing, which, although submitted on a date not substantially past the deadline, was, again, offered without any explanation for plaintiff's dilatory behavior.[4]

Court orders setting a deadline or requiring a party's appearance "permit the court and the parties to deal with cases in a thorough and orderly manner." See Wong v. Regents, 410 F. 3d 1052, 1062 (9th Cir. 2005). Plaintiff, however, has routinely treated the Court's orders as, at best, suggestions. At times, plaintiff has complied with an order on a timely basis, while, on other occasions, plaintiff had complied on an untimely basis or ignored the order entirely.[5]

Court orders are not "frivolous piece[s] of paper, idly entered, which can be cavalierly disregarded by [a party] without peril." See Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 610 (9th Cir. 1992) (internal quotation and citation omitted). A party's disregard of court orders "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." See id.

Here, in light of plaintiff's having failed to offer sufficient justification or credible explanation for her multiple failures to provide discovery, to comply with court orders and to

---

[4]Over the course of the instant action, plaintiff has filed a number of timely-submitted documents, thus demonstrating she is familiar with the procedure for, and capable of, filing documents, at least when she finds it to be in her interest to do so.

[5]Consistent with her pattern of pursuing her claims under her own rules and on her own schedule, plaintiff has stated she will decline to offer any testimony at trial because she does not believe defendant should have the right to question her at trial.

attend court-ordered proceedings, and no justification appearing from the record, the Court finds plaintiff's failure to attend the June 17, 2008 deposition, failure to attend the July 24, 2008 court-ordered deposition, failure to provide documents at the July 24, 2008 deposition, and failure to attend the August 19, 2008 Pretrial Conference were, in each instance, willful in nature.

**B. Dismissal as a Sanction**

Under Rule 37 of the Federal Rules of Civil Procedure, a court may dismiss an action as a sanction for a party's failure to attend a noticed deposition, see Fed. R. Civ. P. 37(d), and/or for a failure to obey a court order to provide discovery, see Fed. R. Civ. P. 37(b). Additionally, under Rule 41, a court may dismiss an action as a sanction for a failure to obey a court order of any kind. See Fed. R. Civ. P. 41(b).

In determining whether dismissal for failure to provide discovery and/or for failure to obey court orders is appropriate, a district court "must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." See Henry v. Gill Industries, Inc., 983 F. 2d 943, 948 (9th Cir. 1993) (analyzing factors under Rule 37); see also Ferdiz v. Bonzelet, 963 F. 2d 1258, 1260-61 (9th Cir. 1992) (analyzing factors under Rule 41(b)). Where, as here, a party has willfully failed to appear at a properly-noticed deposition and has willfully violated court orders, the first two factors support imposition of the sanction of dismissal, while the fourth factor weighs against such dismissal. See Adriana Int'l Corp. v. Thoeren, 913 F. 2d 1406, 1412 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991). "Therefore, it is the third [prejudice] and fifth [alternative sanctions] factors that are decisive." Id.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Id. (holding plaintiff's failure to comply with order to appear at deposition and to produce documents "constitute[d] an interference with the rightful decision of the case," thus establishing

1  prejudice to defendants and supporting district court's dismissal of complaint as sanction).
2  Here, plaintiff's remaining claims are that defendant failed to comply with a contractual
3  obligation to provide plaintiff with financial support necessary to maintain plaintiff at an
4  income of at least 125 percent of the federal poverty guidelines, for the years 2003, 2006,
5  and 2007.  Because, for any such year, defendant had no obligation to provide support if
6  plaintiff's income was at least 125 percent of the federal poverty guidelines, defendant, in
7  order to prepare for trial, is entitled to obtain discovery as the factual basis for plaintiff's
8  allegation that her income for each of the three years at issue herein fell below the
9  contractual threshold.  By refusing to attend a court-ordered deposition, plaintiff has
10 deprived defendant of the opportunity to question plaintiff as to the basis of her assertion
11 that her income in 2007 was below the contractual threshold,[6] and, further, by refusing to
12 comply with the court's order requiring her to make available for inspection the documents
13 relevant to plaintiff's income for each of the three years at issue, plaintiff has deprived
14 defendant of the opportunity to prepare his defense to any of plaintiff's claims.

15       Plaintiff thereafter compounded the injury by failing to appear at the Pretrial
16 Conference, thus depriving defendant of an opportunity to obtain a ruling on a properly-
17 filed motion in limine and to obtain at least some notice of the type of evidence plaintiff
18 intended to offer at trial.  Moreover, the trial date was necessarily vacated in light of
19 plaintiff's failure to appear at the Pretrial Conference.  The instant action was filed on May
20 19, 2006 and had been scheduled to begin trial on August 25, 2008.  As a result of
21 plaintiff's unexcused conduct, the case, filed almost two and half years ago, remains
22 unresolved and, essentially, hanging over defendant's head.  Further, it is difficult to
23 reschedule trials, given the need to adjust the Court's calendar and to accommodate the
24 schedules of the parties and witnesses.  Finally, the rescheduling of a trial necessarily
25 entails additional expenditures of counsel's time, with the resultant additional costs to the

---

[6] As noted, plaintiff did appear at any earlier deposition, at which time defendant had the opportunity to examine plaintiff as to her assertions with respect to the years 2003 and 2006.

represented party.

Accordingly, the Court finds plaintiff's failure to provide discovery, failure to comply with court orders and failures to attend proceedings not only has created a risk of prejudice to defendant, but has, in fact, prejudiced defendant.

The Court next turns to the question of whether sanctions less severe than dismissal are appropriate. Some of the other possible sanctions, specifically, establishing facts in favor of the defendant, prohibiting plaintiff from supporting some of her claims by precluding her from offering designated evidence, or striking from the complaint some of plaintiff's claims, see Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iii), would not provide a meaningful remedy herein. As noted, plaintiff's failure to attend court-ordered proceedings and refusal to provide discovery has significantly impaired defendant's ability to prepare a defense to plaintiff's case in its entirety. Another possible alternative sanction, staying the action until such time as plaintiff complies with the orders she has willfully disobeyed, see Fed. R. Civ. P. 37(b)(2)(A)(iv), is unlikely to have a salutary effect, given plaintiff's failure to show any inclination to comply with the court orders she has violated and/or to comply with orders as to which she disagrees. Additionally, such a stay would significantly interfere with the Court's ability to effectively manage its docket, and would place defendant at the mercy of plaintiff's dictated schedule. Moreover, given plaintiff's asserted lack of funds, imposition of monetary sanctions, see Fed. R. Civ. P. 37(b)(2)(C), is highly unlikely to result either in assuring plaintiff's compliance with future court orders or in compensating defendant for the expenses he has incurred by reason of plaintiff's noncompliance to date. Further, to the extent the Court, at the time of the Pretrial Conference, might have endeavored to fashion some alternative sanction, plaintiff precluded the Court from doing so, in light of plaintiff's failure to attend the Pretrial Conference.[7] Given all of the above considerations, the Court

---

[7] For example, if defendant's counsel had been available to depose plaintiff during any of the days remaining between the Pretrial Conference and the first day of trial, it is possible plaintiff, once again, could have been ordered to appear for her deposition and to provide the required discovery either in time for defendant to adequately prepare for trial as scheduled or for trial on a date relatively soon thereafter.

finds no reasonable alternative sanctions are available.

Finally, the Court notes that although plaintiff is proceeding pro se, a pro se litigant who "chooses [herself] as legal representative should be treated no differently" than a party who is represented by an attorney. See Jacobsen v. Filler, 790 F. 2d 1362, 1364-65 (9th Cir. 1986).[8]

In sum, the Court finds that dismissal is the appropriate sanction for plaintiff's failures to appear and violation of court orders.

## CONCLUSION

For the reasons stated above, the instant action is hereby DISMISSED with prejudice, pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 21, 2008

MAXINE M. CHESNEY
United States District Judge

---

[8] Although the Court located pro bono counsel to represent plaintiff, and such counsel was appointed as plaintiff's counsel of record, plaintiff subsequently decided to discharge said attorney and to proceed pro se.

13